DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Sean Bowen, | ) | |
| | ) | CASE NO. 5:10 CV 1301 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| Time Warner Entertainment, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is presently before the Court on a motion by plaintiff for leave to file a second amended complaint.  ECF 31.  Defendant has opposed plaintiff's motion.  ECCF 32.  For the reasons contained herein, plaintiff's motion for leave to file a second amended complaint is DENIED.

## I.  BACKGROUND

This action alleging violation of the federal Fair Labor Standards Act (FLSA) and various state law violations was removed from the Stark County Court of Common Pleas on June 11, 2010.  In the complaint filed in Stark County, plaintiff states that he was employed by defendant Time Warner Entertainment in various capacities since March 1998 until he as discharged on May 3, 2010.  Plaintiff's three count complaint alleges that defendant did not pay him overtime or keep records of his work as required by federal and state law.  Plaintiff's request for relief in the state action included compensatory damages, reinstatement, punitive damages, and attorney fees.  *See* ECF 1-1.

The Court conducted a Case Management Conference on July 12, 2010, and established a Case Management Plan which included a discovery cut-off date of December 27, 2010

(5:10 CV 1301)

and a pleading amendment date of October 8, 2010.  A status conference was scheduled for

December 28, 2010.  ECF 22.

A.    First Amended Complaint

On September 20, 2010, plaintiff timely filed a first amended complaint.  ECF 23.

In the first amended complaint, plaintiff alleges in par. 31 that:

> The Defendant took adverse action and retaliated against the plaintiff
> for his complaints to the Defendant under the FLSA, including,
> but not limited to, the termination of his employment.

Id.

Count I of the first amended complaint alleges failure to pay overtime in violation of the

FLSA.  Count II alleges failure to pay overtime in violation of Ohio law.  Count III alleges that

defendant failed to maintain and preserve payroll records in violation of Ohio law.

Count IV, reflects the same caption as Count III - i.e. "Alleging Recordkeeping

Violations of the Ohio Act" - and appears in its entirety in the first amended complaint as

follows:

### COUNT IV.
### (Alleging Recordkeeping Violations of the Ohio Act)

56.  Plaintiff, Sean Bowen, incorporates by reference herein the allegations
contained in paragraphs 1 through 55, inclusive herein above.
57.  The Plaintiff made written and oral complaints to agent(s) of the Defendant
who would be considered management employees regarding alleged violations of the
FLSA.
58.  As a result of those complaints, the Defendant took adverse action against the
Plaintiff including, but not limited to, termination.
59.  As a result of the foregoing, the Plaintiff has suffered damages in an amount
exceeding $25,000.00.

(5:10 CV 1301)

As in the state complaint, plaintiff 's request for relief in his first amended complaint includes compensatory damages, reinstatement, punitive damages, and attorney fees.

B.      Modification of Case Management Plan

On December 8, 2010, the parties filed a joint motion to extend discovery until February 14, 2011.  The parties were in agreement that discovery could not be completed by the scheduled deadline because plaintiff's amended complaint added a new cause of action and because of scheduling conflicts.  ECF 28.

The Court granted the joint motion to extend discovery, cancelled the status conference on December 28, 2010, established a summary judgment motion date of March 7, 2011 and a standby trial date of July 12, 2011.  No change was requested or made to the previously established pleading amendment date.  ECF 29.

C.      Motion for Leave to File a Second Amended Complaint

In his motion for leave to file a second amended complaint, plaintiff recognizes that the deadline to amend pleadings has passed.  *See* ECF 31.  Plaintiff's stated reason for seeking leave to file a second amended complaint is as follows: "[U]pon recently reviewing the First Amended Complaint, Counsel for the Plaintiff recognized that although he added paragraph 31 to the First Amended Complaint alleging FLSA retaliation, Counsel for the Plaintiff inadvertently failed to add a "Count V" to the end of the First Amended Complaint alleging FLSA retaliation.  The amendment currently being sought is *purely* procedural, as no new factual allegation have been added to the proposed Second Amended Complaint except for adding "Count V" to the pleadings and the corresponding paragraphs requesting relief.  The purpose for

3

(5:10 CV 1301)

the amendment is to clear-up any perceived procedural error." Id. (emphasis in original)

Plaintiff's proposed second amended complaint is the same in all respects as the first amended complaint, except for the addition of Count V.  Count V in the proposed second amended complaint reads in its entirety as follows:

**COUNT V.**
**(FLSA Retaliation)**

60.  Plaintiff, Sean Bowen, incorporates by reference herein the allegations contained in paragraphs 1 through 59, inclusive herein above.
61.  The Defendant took adverse action and retaliated against the Plaintiff for his complaints to the Defendant under the FLSA including, but not limited to, termination of his employment.
62.  Plaintiff had a good-faith belief that the retaliatory treatment engaged in by the Defendant was proximately caused by his complaints which are under the coverage of the FLSA.
63.  As a result of the foregoing, the Plaintiff has suffered damages in an amount exceeding $25,000.00.

Like the first amended complaint, plaintiff's request for relief in the proposed second amended complaint includes compensatory damages, reinstatement, punitive damages, and attorney fees.

Defendant has opposed plaintiff's motion to file a second amended complaint on the grounds that a showing of good cause is required to amend a pleading after the date to amend pleadings in the scheduling order has expired, and that plaintiff's inadvertence does not constitute good cause.  Further, defendant argues that the addition of a FLSA retaliation claim with the close of discovery in less than a month will prejudice the defendant because there will be insufficient time to conduct discovery and defend against this new claim.

4

(5:10 CV 1301)

## II.  LAW AND ANALYSIS

Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been filed, leave to amend should be freely given when justice so requires. However, once a pleading amendment deadline has passed as set forth in a court's scheduling order, a higher standard is required in order to modify the scheduling order to allow a pleading amendment after the time to amend pleading has expired.  Fed.R.Civ.P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.")

In *Leary v. Daeschner*,[1] the Sixth Circuit distinguished between requests to amend pleadings under Rule 15(a) and requests to amend pleading after the deadline for amending pleadings has passed pursuant to a Court's Rule 16(b)(3) scheduling order.  While Rule 15(a) provides that a court should freely give leave to amend, a request to amend after an amendment deadline set forth in the court's scheduling order requires modification of the scheduling order.

Rule 16(b)(4) provides that a scheduling order may be modified "only for good cause and with the judge's consent."  Therefore in a case such as this, plaintiff must establish good cause for failing to amend by the pleading amendment deadline established by the Court's case management order before the Court will consider whether the amendment is proper under Rule 15(a).  *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003)

"Good cause is measured by the movant's 'diligence in attempting to meet the case management order's requirements.'"  *Leary v. Daeschner*, 349 F.3d at 906-07 (6th Cir. 2003); *Shane v. Bunzl Distrib. USA, Inc.*, 275 F. App'x. 535, 536 (6th Cir. 2008).  Further,

---

[1] 349 F.3d 888 (6th Cir. 2003).

5

(5:10 CV 1301)

although prejudice to the opposing party is not expressed as a factor in Rule 16(b)(4), "it is nonetheless a 'relevant consideration'" in a court's "good cause" analysis.  *Leary v. Daeschner*, 349 F.3d at 906 (quoting *Inge v. Rock Financial Corp.*, 281 F.3d 613, 626 (6th Cir. 2002)).

In this case, plaintiff acknowledges that the motion to amend is made after the pleading deadline, and offers "inadvertence" of counsel as the reason for failing to amend the complaint in a timely manner.  The basic facts supporting the claim of FLSA retaliation that plaintiff now seeks to add in the second amended complaint were reflected in the first amended complaint, and therefore known to plaintiff before the pleading amendment deadline.

Further, the close of the extended discovery deadline is less than one month away and summary judgment motions are due March 7, 2011.  The case is scheduled for trial on July 12, 2011.  In opposing plaintiff's motion to amend, defendant argue plaintiff's proposed amendment is not merely procedural because the elements and burdens of proof in a retaliation claim are different than plaintiff's other claims and defendant would be prejudiced in the defense of such a newly added claim with the close of discovery only weeks away.  The Court agrees.

Plaintiff's problem in this case is that his proposed addition of a FLSA retaliation claim is not based on factual allegations of which he was unaware until after the pleading amendment deadline had passed.  Plaintiff's failure to timely add the FLSA retaliation claim is, by his own admission, due to inadvertence, i.e. an oversight, which is not compatible with a finding of diligence or good cause to amend the Court's scheduling order.  *See  Shane v. Bunzl Distrib. USA, Inc.*, 275 F. App'x. at 536-37.

6

(5:10 CV 1301)

While lack of good cause in this case would alone be sufficient to deny plaintiff's motion to file a second amended complaint, the Court further observes that granting plaintiff's motion would inevitably result in an amended pleading by the defendant and an extension of the discovery deadline to avoid prejudice to defendant in the defense of this new claim.  Extension of discovery would require further require the Court to vacate the dispositive motion and trial schedule, thereby delaying a timely resolution of this case in which all parties have an interest.

For these reasons, the Court concludes that plaintiff has not demonstrated good cause for failing to amend the complaint to add a FLSA retaliation claim before the pleading amendment deadline.  The Court also observes that discovery is about to close, motion practice about to begin, and a trial already scheduled.  Because plaintiff lacks good cause for seeking modification of the Court's case management scheduling order, plaintiff's motion to file a second amended complaint is DENIED.

### III.  CONCLUSION

For the reasons contained herein, plaintiff's motion to file a second amended complaint (ECF 31) is DENIED.

IT IS SO ORDERED.


  January 25, 2011                                    s/ David D. Dowd, Jr.
Date                                              David D. Dowd, Jr.
                                                  U.S. District Judge

7